Charles L. Robinson, CPA, CFE Legislative Auditor 172 State Capitol Little Rock, AR 72201-1099
Dear Mr. Robinson:
I am writing in response to your request for my opinion concerning two purchasing programs that are being offered to Arkansas school districts by two Arkansas education service cooperatives for the procurement of commodities — the "Texas Arkansas Purchasing System" (TAPS), which is offered by the Dawson Education Cooperative ("Dawson"), and "The Cooperative Purchasing Network" (TCPN), offered by the Arch Ford Education Service Cooperative ("Arch Ford"). You note that both programs are operated through Texas-based entities.[1]
As background for your questions, you first set out the provisions of A.C.A. §§ 6-21-303 and — 304, the Arkansas statutes governing the procurement of commodities by school districts. You then note that the Texas-based entities obtain prices from vendors under the referenced purchasing programs through the use of "request for proposals," which you observe "may include negotiation of prices after the requests are received." You also note that "[t]he vendors may be located in Arkansas, Texas, or elsewhere." You ask in this regard:
 1. Does a request for proposal (RFP) process satisfy the bid requirements of Arkansas Code Annotated 6-21-304?
 2. May Arkansas educational cooperatives contract with out-of-state entities to provide purchasing programs for Arkansas school districts?
 3. If the answer to question #2 is "yes," does the use of request for proposals (RFP), including negotiation with prospective vendors in the award of contracts, satisfy the bidding requirements of Arkansas Code Annotated 6-21-304?
 4. If the answer to question #2 is "yes," does a school district have to solicit bids from other vendors if the purchase of commodities equals or exceeds $10,000, or may the school district purchase the commodities through the educational cooperative's purchasing program with out-of-state entities without the district soliciting bids under the provisions of Arkansas Code Annotated 6-21-304?
RESPONSE
For the reasons explained below, I find it unnecessary to address your first and third questions. The answer to your second question is "yes," in my opinion, pursuant to A.C.A. § 19-11-249, assuming there is compliance with that statute. The answers to your two-part fourth questions are, similarly, "no" and "yes," respectively, under the authority of A.C.A. § 19-11-249.
Please note that I have enclosed an opinion (Op. Att'y Gen.2006-042) that was recently issued by this office concerning a proposed interlocal agreement between Dawson and the Region VIII Education Service Center ("Region VIII") (see n. 1, supra), involving one of the purchasing programs you have referenced. As you can see from the enclosed, I opined therein that a provision under the Arkansas Purchasing Law governing "cooperative purchasing" (A.C.A. § 19-11-249) applies rather than A.C.A. §§6-21-303 and — 304, in connection with the purchasing program which you have identified as TAPS.
As I noted in Opinion 2006-042, the parties to the proposed interlocal agreement involving that purchasing program apparently assume that bidding by school districts will be unnecessary when purchases are made through the established program. Id. at 6. As I further observed, this raises a question regarding the applicability of one of the provisions you have cited, A.C.A. §6-21-304, which states:
 In each instance in which the estimated purchase price shall equal or exceed ten thousand dollars ($10,000), the commodity shall be procured by soliciting bids, provided that the purchasing official may reject all bids and may purchase the commodity by negotiating a contract. If the purchasing official, after rejecting all bids, determines that the purchase should be made by negotiation, then each responsible bidder who submitted a bid shall be notified of the determination and shall be given a reasonable opportunity to negotiate[.]
A.C.A. § 6-21-304(a)(1)(A) (Supp. 2005).
Having acknowledged this provision, which would otherwise apply to all purchases of commodities by school districts, I determined that it was inapplicable in light of specific authority under the Arkansas Purchasing Law for "cooperative purchasing." Op. Att'y Gen. 2006-042 at 7 (citing A.C.A. § 19-11-249 (Repl. 1998)). I will not restate the analysis, but instead refer you to Opinion2006-042 for the explanation of the basis for my conclusion that A.C.A. § 19-11-249 "stand[s] as independent authority for engaging in `cooperative purchasing' as contemplated therein."Id.
Accordingly, I must express my disagreement with your apparent assumption that A.C.A. §§ 6-21-303 and — 304 apply in the context of your particular questions. I note in this regard that according to my information, the program offered by Arch Ford is substantially the same as the one offered by Dawson.
While it is therefore my opinion that the Code sections about which you have inquired are inapplicable, please note, as I also pointed out in Opinion 2006-042, that I believe the Purchasing Law's "source selection and contract formation" requirements apply with respect to "cooperative purchasing" under A.C.A. §19-11-249. See Op. Att'y Gen. 2006-042 at 8. These requirements are found in A.C.A. §§ 19-11-204 and — 228 through — 240 (Repl. 1998 and Supp. 2005)), and include "competitive bidding," "competitive sealed bidding," and "competitive sealed proposals." A.C.A. § 19-11-204. I approved the proposed interlocal agreement on the assumption that the parties agree to comply with the Purchasing Law in this respect. Op. 2006-042 at 8-9.
The answer to your second question concerning the authority of Arkansas education cooperatives to contract with out-of-state entities to provide purchase programs is therefore "yes," in my opinion, pursuant to A.C.A. § 19-11-249, assuming there is compliance with that statute. Similarly, the answers to your two-part fourth question are "no" and "yes," respectively, under the authority of § 19-11-249.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE, Attorney General
MB:EAW/cyh
Enclosure
[1] According to my information, TAPS is operated through the Region VIII Education Service Center, a Texas public entity that is similar to Arkansas education cooperatives in providing assistance to school districts in improving student performance and increasing the efficiency and effectiveness of school operations. Tex. Educ. Code 8.002(a). TCPN is similarly operated through the Texas Region 4 Education Service Center. See
www.tcpn.org.